UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Third Party Subpoenas Issued to RAMBUS, INC., AND RAMBUS DELAWARE LLC | Case No. 14-mc-80293 EJD (NC) |
| INNOVATIVE DISPLAY TECHNOLOGIES LLC, | **ORDER RE: DISCOVERY** |
| Plaintiff, | Re: Dkt. No. 1 |
| v. | |
| ACER INC., ET AL., | |
| Defendants. | |

Before the Court is Dell's motion to compel compliance with a subpoena issued to

Rambus.  Dkt. No. 1.  Rambus asserts that certain documents Dell seeks are covered by

the attorney-client privilege and the work-product doctrine.  At a hearing held on

November 17, 2014, the Court ordered Rambus to fix deficiencies on the face of its

privilege log, produce a subset of documents discussed, and submit additional briefing

concerning documents it asserts are covered by the work-product doctrine.

### I. Attorney-Client Privilege

The attorney-client privilege protects from discovery "confidential

communications between attorneys and clients, which are made for the purpose of giving

1   legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation

2   omitted). The privilege attaches when "(1) legal advice of any kind is sought (2) from a

3   professional legal adviser in his capacity as such, (3) the communications relating to that

4   purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently

5   protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection

6   be waived." *Id*. (internal quotations omitted).  The privilege is strictly construed.  *United*

7   *States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).  Thus, if the advice sought from the

8   professional legal advisor is not legal advice, the privilege does not apply.  *Richey*, 632

9   F.3d at 566 (citation omitted).

10       A party can establish that the privilege applies through a privilege log.  This log

11   must contain at least: (a) the attorney and client involved, (b) the nature of the document,

12   (c) all persons or entities shown on the document to have received or sent the document,

13   and (d) the date the document was generated, prepared, or dated.  *In re Grand Jury*

14   *Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992); *AT&T Corp. v. Microsoft Corp.*, No.

15   02-cv-0164 MHP (JL), 2003 WL 21212614, at *2 (N.D. Cal. Apr. 18, 2003).

16       Here, both Rambus' initial and amended privilege logs contain deficiencies.  The

17   amended log still lists documents that do not identify the attorney or law firm involved in

18   the communication.  Numerous entries also fail to indicate whether the document consists

19   of an actual communication between attorney and client.  *See, e.g.*, Dkt No. 14-5 at 38

20   (Control Number RAMHCINT00008620 describes document "prepared at direction of

21   counsel" and involving "Rambus' overall corporate licensing and enforcement strategy,"

22   but identifies non-attorney Laura Stark in the "From" column and "File" in the "To"

23   column).  Documents prepared at the direction of counsel may qualify for work product

24   protection, but unless a document consists of a "confidential communication," Rambus

25   improperly asserts attorney-client privilege.  *See* Rutter Group Prac. Guide Fed. Civ.

26   Trials & Ev. Ch. 8H-B ("Only 'confidential communications' are protected.  Thus clients

27   cannot rest on the privilege to bar questions about facts known to them before they

28   consulted with counsel or facts made known to them 'between and after' their

1  consultations with counsel.").

2       Furthermore, merely sharing a document with counsel does not automatically make

3  that document privileged. *See Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d

4  284, 300 n.57 (5th Cir. 2010) ("[T]urning documents over to one's lawyer does not

5  automatically cloak those documents in attorney-client privilege."); *United States v.*

6  *Robinson*, 121 F.3d 971, 975 (5th Cir. 1997) ("It goes without saying that documents do

7  not become cloaked with the lawyer-client privilege merely by the fact of their being

8  passed from client to lawyer.").

9       In other words, it is not good enough for Rambus to list a document that it shared

10  with counsel in the privilege log as "privileged" on the basis of it being passed from client

11  to lawyer; Rambus must provide an independent basis for why that document itself is

12  covered by the attorney-client privilege or some other privilege.

13       In short, the Court orders Rambus to submit to Dell another amended privilege log

14  in accordance with this order.  Rambus must produce this privilege log to Dell within

15  seven days.  Otherwise, Rambus must also produce within seven days documents that fail

16  to conform to the standards for attorney-client privilege outlined in this order.

17  **II.  Work Product**

18       At the discovery hearing, the Court also ordered the following:

19      •  Rambus must produce all documents not covered by the work-product

20        doctrine created between 2009 and September 11, 2012 by November 18,

21        2014.

22      •  Rambus also brought up a subset of documents created by and for another

23        entity before or in 2009.  Rambus claims that though the documents are now

24        in its possession, they are protected by the work-product doctrine because

25        the entity that created them did so in anticipation of litigation.  However,

26        neither Dell nor Rambus has briefed this issue.  Accordingly, Rambus must

27        identify where these documents are in the privilege log, and submit to the

28        Court a supplemental brief and declaration explaining why the Court should

not compel production of these documents.  Rambus must submit this brief
and accompanying declaration to the Court by Monday, November 24.
Dell's response is due Wednesday, November 26.

- Rambus may also submit additional briefing over the issue of whether or not
the deposition of Laura Stark, Rambus' 30(b)(6) witness, establishes that the
work-product privilege attaches to certain documents in Rambus' possession
after September 11, 2012.  Rambus must also submit this brief and any
accompanying declarations to the Court by Monday, November 24.  Again,
Dell's response is due Wednesday, November 26.

IT IS SO ORDERED.

Date:  November 21, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge